DOUCET, Judge.
Annie L. Bolton brought this suit to recover damages that she and her minor son, Ravis R. Bolton, sustained in an automobile accident. Defendants, Mark and Marie Lacour, were dismissed from the suit after their insurer, MFA Mutual Insurance Company, admitted liability. After a trial limited to the issue of quantum, the district court rendered judgment in favor of plaintiff, individually in the sum of $1,750.00 for general damages, plus $615.45 for special damages. Judgment was also rendered in favor of plaintiff, as administratrix of the estate of her minor son, in the sum of $2,750.00 for general damages. Plaintiff appealed, seeking an increase in the amount of the damages awarded. Defendant an *145 swered the appeal, seeking a decrease. We affirm.
The record shows that on December 20, 1977, plaintiff was driving her 1977 Ford station wagon in a southerly direction on U.S. Highway 71 in Alexandria, Louisiana. Her son, Ravis, was riding in the rear of the car. As she approached a yield sign at the intersection of Bolton Avenue and Highway 71, her automobile was struck from the rear by an automobile driven by Marie Lacour. As a result of the collision, Ravis was thrown against the rear of the station wagon.
Immediately after the accident, plaintiff and her son went to a hospital in DeRidder, Louisiana. X-rays were taken, which were found to be negative. The child was described as being lethargic and disoriented, although he was not rendered unconscious in the accident. Three days later, plaintiff and her son went to the Ft. Polk Army Hospital, where they received treatment as military dependents. The hospital reports indicate that plaintiff complained of soreness in her neck, back, right leg, and right knee. The child complained of severe headaches, and according to plaintiff, he was not as active as he was prior to the accident.
During the course of her treatment at the army hospital, plaintiff received eleven physical therapy treatments, which were prescribed for her right leg and knee. When she was last treated at the hospital in July of 1978, seven months after the accident, she still complained of pain and weakness in her right knee.
On September 14, 1978, plaintiff and her son were examined by Dr. Heinz K. Faludi, a neurologist practicing in Shreveport, Louisiana. Dr. Faludi’s findings after examining plaintiff were essentially negative. The tests that he performed on her knee revealed no derangement. There was no redness, and the knee could be moved through full range of motion. Dr. Faludi concluded that plaintiff may have suffered a contusion on her right knee. However, the general physical and neurological examinations were within normal range.
Dr. Faludi’s report of his examination of the child indicates that he was still complaining of headaches and pain in his neck, back and leg. At the conclusion of his report, Dr. Faludi made the following observations:
“ . . .At the present time, the patient still has some tenderness over the posterolateral neck musculature in the midcervical region on the right side which probably is a residual from the cervical sprain. No evidence of spinal cord, nerve root, or peripheral nerve involvement is found. There was also no evidence of a herniated cervical or lumbar disc found. No evidence of persistent intracranial pathology was found. Essentially this patient’s symptoms at this time are only mild and mostly referable to the right posterior neck. Should the patient be bothered by it Hydrocollator steam packs could be tried together with medicines such as Tylenol, etc. One may expect that this patient’s symptoms will gradually diminish and eventually disappear in a period of one to two months. No permanent disability is anticipated.”
On July 18, 1979, plaintiff was examined by Dr. Norman P. Morin, an orthopedic surgeon practicing in Lake Charles, Louisiana. At the conclusion of his orthopedic consultation report, Dr. Morin stated the following:
“It is the writer’s opinion based on the history, physical examination, and x-rays of July 2, 1979, that: (1) this patient has completely recovered with no evidence of any neck, back, or right knee disability which could have resulted from the injury sustained December 20, 1977: (2) the above mentioned early degenerative changes existed prior to this injury; (3) there has been no aggravation; (4) she presently experiences the same relative ease and comfort experienced prior to this injury.”
Plaintiff claims that because of her injuries, she was unable to drive or do housework for a considerable time after the accident. She estimated that she had spent approximately $1,000.00 on taxi fares and *146 $1,864.00 for household help. The trial judge apparently found that her disability was not as prolonged as she claimed, since he only allowed $194.20 for transportation expenses and $180.00 for household help. Plaintiff contends that he erred in not awarding the full amount sought. Defendant argues that recovery of those expenses should have been denied entirely, because plaintiff failed to prove their necessity. After examining the record, including the medical evidence summarized above, we find no error in the trial court’s award. Although it is clear that any disability that plaintiff suffered was of brief duration, we cannot say that the trial judge was clearly wrong in finding that her injuries were such that she was unable to drive or do housework for a short period of time after the accident.
The positions of the parties are the same with respect to the general damages that were awarded. Plaintiff argues that they are inadequate, and defendant argues that they are excessive. Civil Code Article 1934 provides that in the assessment of general damages, “ . . . much discretion must be left to the judge or jury . . . .” In Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1977), our Supreme Court stated:
“We do reemphasize, however that before a Court of Appeal can disturb an award made by a trial court that the record must clearly reveal that the trier of fact abused its discretion in making its award.” (citations omitted)
The principles expressed in Coco were recently reaffirmed in Reck v. Stevens, 373 So.2d 498 (La.1979).
Our review of the evidence has not shown that the trial judge abused his discretion in this case by awarding either excessive or insufficient general damages. We will therefore not disturb those awards.
For the above and foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are taxed to the plaintiff-appellant.

AFFIRMED.