CHEHARDY, Judge.
Plaintiff Jennie C. Ciuffi appeals from a judgment awarding her $1,500, including interest from date of judicial demand, for personal injuries received in an automobile accident. Defendants are the driver, owner, and liability insurer of the other vehicle involved.
Allstate Insurance Company, plaintiffs own insurer, intervened for $1,153 paid to plaintiff under the medical payment provisions of its policy.
Following trial, judgment was originally rendered in favor of Mrs. Ciuffi for $1,500 in general damages. That judgment was amended at a later date to recognize inter-venor’s claim for $1,153 against all defendants. Plaintiff appealed from the original judgment, only insofar as quantum is concerned. No appeal was taken from the amended judgment, and that matter is not before us.
Plaintiff was the only witness to testify. Her medical evidence consists of the deposition of Dr. Kenneth Adatto, an orthopedic specialist and her treating physician, and periodic medical reports issued by him. The record also contains the medical reports of Drs. Luis Bogran and Francis Daly, and the x-ray report of Dr. Albert Hendler.
Defendants introduced the report of Dr. Irving Redler and Dr. A.N. Diodené, Jr.
Plaintiff testified the accident occurred on November 29, 1980 at the intersection of Codifer Street and Bonnabel Avenue in Me-tairie, Louisiana. She was travelling on Codifer, stopped at the first stop sign and proceeded across the neutral ground where *1321 she stopped for a second stop sign. She looked to the right and the left and saw defendant’s car coming, but since there was a stop sign for cars proceeding on Bonnabel, plaintiff expected the other driver to stop. Defendant driver failed to stop and struck plaintiffs vehicle as it proceeded across the intersection. Defendants do not seriously contest liability.
Plaintiff was jolted around in the automobile. She was dazed, numb and unable to move or to stand. Her knee struck the steering wheel and she had a headache and neck and back pain.
Plaintiff saw Dr. Daly on December 8, 1980, when her physical problems failed to improve. X rays were taken. She was treated on three occasions with hot packs on the knee and neck, and exercises for the right knee. Mrs. Ciuffi was discharged in March 1981.
Following her discharge, plaintiff consulted Dr. Adatto. She was again x-rayed and examined for injuries to her knee, neck and back. Treatment consisted of four injections to the knee.
Plaintiff stated that she had a prior knee problem and a back problem requiring hospitalization and traction five or six years ago, but had recovered prior to this accident. She was involved in an earlier automobile accident in 1978 sustaining a mild injury to the neck area that cleared up in a couple of months. She also has arthritis.
At this time Mrs. Ciuffi complains of neck ache, numbness and intermittent sharp pains in the right knee.
Dr. Daly’s medical report indicates he first saw plaintiff on December 8, 1980. She complained of pain in the neck, left shoulder, back and right knee following the accident of November 28.
A history was taken and x rays were made. Examination revealed tenderness and spasm in the cervical muscles and pain with compression over the vertebrae. The range of motion in the neck was mildly restricted, and there was tenderness in the right knee.
He diagnosed her injuries as acute cervical strain and soft tissue contusion of the right knee which may have aggravated a benign arthritic condition in the neck and the knee. Treatment consisted of medication, rest and physical therapy.
Plaintiff was re-evaluated on January 14 and March 25,1981. She continued to have objective findings, but had exhausted conservative measures and remained asymptomatic. The doctor recommended an orthopedic evaluation to determine if further active or advanced treatment was necessary.
The principal medical expert relied upon by plaintiff is Dr. Adatto. From Dr. Adat-to’s deposition and reports, it appears she first consulted him on April 24, 1981. A history and x rays were taken and a physical examination was performed. Plaintiff complained of pain in the neck and right knee. The doctor found spasm stress in the neck and x rays disclosed softening and irritation of the knee cap and arthritis of the knee.
Dr. Adatto concluded plaintiff had cervical spine syndrome with pre-existing asymptomatic arthritis, which had been aggravated by the accident, and that she had mild degenerative arthritis in the knees which had not bothered her before the accident, but which flared up afterward. He injected the right knee with local steroids and prescribed Norgesic, a muscle relaxant, and Anaprox, an anti-inflammatory compound.
When seen on May 12 plaintiff was 95% improved in the neck and knee area. He expected she would be completely recovered within two or three more months.
On December 3, 1981, plaintiff returned complaining of neck pain, but no problem with the knee. He x-rayed both areas and the condition was still the same. Plaintiff had mild spasm of the neck and was given an injection. She returned for a check-up two weeks later at the doctor’s suggestion. At that time she was doing very well and there were no objective findings. Plaintiff enjoyed round dancing and was told she could dance and enjoy herself.
*1322 On March 4, 1982, plaintiff returned complaining of knee pain. She was given an injection. The doctor stated her complaint, of a very minor nature, was probably related to the accident.
Plaintiff had gone from May to December without an injection and also from December to March without one. She was able to enjoy round dancing, and considering her age (69) the doctor concluded she was doing very well.
Dr. Irving Redler, an orthopedic specialist, examined plaintiff for defendants on October 20, 1981. He reviewed prior medical reports. While plaintiff told the doctor that therapy improved the condition of her knee and neck, she stated her knee problem interfered with her dancing and that the knee has a tendency to buckle and she is afraid to dance for fear of falling. ' Her neck still bothered her now and then, and she had complaints of pain in the lower part of her back since the accident.
The doctor gave her an orthopedic and neurologic examination. He x-rayed the cervical spine, lumbosacral spine, pelvis and both knees.
In his opinion, based on the history related by the patient, plaintiff sustained strains of her neck and lower back and contusion of her right knee as a result of the accident.
The orthopedic examination did not disclose evidence of residual disability or functional impairment of those structures, but did reveal a pelvic tilt due to idiopathic shortening of the lower left extremity. This was developmental in origin and not related to the accident. Redler concluded this could be a factor in the complaints of the right knee. The x-ray findings were of long standing and not related to the accident.
Plaintiff argues that the award of $1,500 including interest for personal injuries is incorrect and inadequate. We agree that the award for damages is separate and apart from the interest thereon and that plaintiff is entitled to interest in addition to the award. This appears to us to be an oversight or a typographical error in the trial court.
We conclude the trial court intended to award $1,500 for personal injuries, exclusive of interest, and we address the question of whether or not that sum is inadequate. Civil Code Article 1934 provides that in the assessment of damages, “... much discretion must be left to the judge or jury_” In Coco v. Winston Industries, Inc., 341 So.2d 332 at 335 (La.1976), our Supreme Court stated,
“We do reemphasize, however, that before a Court of Appeal can disturb an award made by a trial court that the record must clearly reveal that the trier of fact abused its discretion in making its award. [Citations omitted.] Only after making the finding that the record supports that the lower court abused its much discretion can the appellate court disturb the award and then only to the extent of lowering (or raising it) to the highest (or lowest) point which is reasonably within the discretion afforded that court. [Citations omitted.] * * * ”
The principles expressed in Coco were recently reaffirmed in Davenport v. Nixon, 434 So.2d 1203 (La.App. 1st Cir.1983); Reck v. Stevens, 373 So.2d 498 (La.1979), and Bolton v. MFA Mut. Ins. Co., 386 So.2d 144 (La.App. 3d Cir.1980).
In summary, defendants’ own expert concedes plaintiff sustained strains of her neck and lower back and contusion of the right knee as a result of the accident.
She was under medical care from December 8, 1980 to March 4, 1982, first by a general practitioner and, on his recommendation, by an orthopedic specialist. Because the injury caused plaintiffs knee to buckle she became afraid to continue round dancing, an activity which she enjoyed. We note plaintiff is 69 years old and this social activity is important to her. She still participates, but not to the same extent as she did prior to the accident.
Considering the injuries sustained, the duration thereof, plaintiffs age, and the fact that she still has minimal complaints, we are of the opinion the award should be increased to the sum of $7,500. In making this revision, we have disturbed the award *1323 only to the point of raising it to the minimum sum appropriate. Coco v. Winston Industries, Inc., supra.
For the reasons assigned, the judgment appealed from its amended to increase the award for personal injuries to the sum of $7,500, plus interest from date of judicial demand. All costs in both courts are to be paid by defendants.
AMENDED AND AFFIRMED.